FILED
2026 FEB 23 AM 9:01
CLERK
U.S. DISTRICT COURT

SANAZ DERAKHSHANI JAN
COMPLEXCOMPLAINT2@GMAIL.COM
P.O. BOX 363, TRABUCO CANYON, CA 92678
818-913-9338
PLAINTIFF IN PRO PER

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

Case: 2:26−cv−00148
Assigned To : Shelby, Robert J.
Assign. Date : 2/23/2026
Description: Jan v. Trump et al

**SANAZ DERAKHSHANI JAN**

 Plaintiff,

v.

**DONALD J. TRUMP,** in his official and individual capacity as the President of the United States;
**JAMES DAVID VANCE**, in his official and individual capacity as the Vice President of the United States;
**PAMELA JO BONDI**, in her official and individual capacity as the U.S. Attorney General;
**KASHYAP PRAMOD PATEL,** in his official and individual capacity as the Director of the Federal Bureau of Investigation;
**PATRICIA GUERRERO**, in her official and individual capacity as the Chief Justice of California;
**GAVIN CHRISTOPHER NEWSOM,** in his official and individual capacity as the Governor of California;
**ROBERT ANDRES BONTA,** in his official and individual capacity as the Attorney General of California;
**ADAM BENNETT SCHIFF,** in his official and individual capacity as a United States Senator;

Case No.:

**Complaint for Civil Rights Action and Injunctive Relief, Phase One,**

**- Fed. R. Civ. P. 65,**

**- 42 U.S.C. §§ 1983** (Retaliation, Denial of Access to Courts, Due Process, civil liability for deprivation of constitutional rights, First, Fourth, Fifth, and Fourteenth Amendments)**, 1985** (Conspiracy to interfere with civil rights)**, 1986** (Neglect to prevent)**,**

**- 15 U.S.C. §§ 1** (Sherman Antitrust Act)**, 2** (Monopolization)**,**

**- 18 U.S.C. §§ 1621, 1623** (False statements/perjury)**, 1341, 1343** (Mail and wire fraud, as applicable)**, 241, 242** (Conspiracy against rights; deprivation of rights under color of law)**, 371** (Conspiracy)**, 3** (Accessory liability)**, 4** (misprision of felony)**, 1503** (Obstruction of justice)**, 1505** (Obstruction of proceedings)**,**

**MATTHEW ZANDI,** in his official and individual capacity as a U.S. Department of Justice employee;
**BILAL ALI ESSAYLI,** in his official and individual capacity as U.S. Attorney for the Central District of California;
**BILAL ESSAYLI,** in his official and individual capacity as U.S. Attorney for the Central District of California;
**TODD ALLAN SPITZER #143166,** in his official and individual capacity as District Attorney of Orange County, California;
**MICHAEL ANGEL HESTRIN #200300**, in his official and individual capacity as District Attorney of Riverside County;
**DONALD D. BARNES,** in his official and individual capacity as Sheriff-Coroner of Orange County, California;
**DON BARNES,** in his official and individual capacity as Sheriff-Coroner of Orange County, California;
**DONALD BARNES,** in his official and individual capacity as Sheriff-Coroner of Orange County, California;
**CHAD BIANCO,** in his official and individual capacity as Sheriff-Coroner-Public Administrator of Riverside County, California;
**JEFF HALLOCK,** in his official and individual capacity as Undersheriff of Orange County, California;
**DON SHARP,** in his official and individual capacity as Undersheriff of Riverside County, California;
**MARY SAHAR IZADI #233698**, in her official and individual capacity as the Sheriff Department Constitutional Policing Advisor;
**SHEILA F. HANSON**, in her official and individual capacity as the Presiding Judge of the Superior Court of Orange County, California;
**MARIA D. HERNANDEZ**, in her official and individual capacity as the former Presiding Judge of the Superior Court of Orange County, California;

**1512** (Witness tampering)**, 1519** (Destruction or falsification of records)**, 1001** (False statements)**, 1028** (Identity Fraud)**, 875** (Threats via text, phone, or Internet)**, 872** (Extortion by state or federal officers)**, 666** (Theft/Bribery Concerning Programs Receiving Federal Funds)**, 1951** (Hobbs Act, Extortion Under Color of Law)**, 1961–1964** (RICO Act)**, and 2071** (Concealing or destroying officials records);

- **31 U.S.C. § 1301** ( Misuse of public funds);

- **28 U.S.C. § 535;**

- **11 U.S.C. § 548;**

- **5 U.S.C. § 552** (FOIA);

- **36 U.S.C. §§ 220501–220529** (Ted Stevens Olympic and Amateur Sports Act)**;**

- **34 U.S.C. § 20341 et seq.** (Safe Sport Authorization Act)**;**

- **42 U.S.C. § 12101 et seq.** (Americans with Disabilities Act).

**GRAND JURY AND JURY DEMANDED**

Complaint for Civil Rights Action – Injunctive Relief

**CHERI THI PHAM**, in her official and individual capacity as Judge of the Superior Court of California, County of Orange; **MICHAEL EDWARD PEREZ**, in his official and individual capacity as Judge of the Superior Court of California, County of Orange; **STEPHEN TODD HICKLIN**, in his official and individual capacity as Judge of the Superior Court of California, County of Orange**;** **OTIS D. WRIGHT, II,** in his official and individual capacity as Judge of the Central District Court of California; **STEPHEN V. WILSON**, in his official and individual capacity as Judge of the Central District Court of California; **JOHN W. HOLCOMB**, in his official and individual capacity as Judge of the Central District Court of California; **JOHN D. EARLY**, in his official and individual capacity as Magistrate Judge of the Central District Court of California; **JAMES V. SELNA**, in his official and individual capacity as Judge of the Central District Court of California; **MONICA RAMIREZ ALMADANI**, in her official and individual capacity as Judge of the Central District Court of California; **FRED W. SLAUGHTER**, in his official and individual capacity as Judge of the Central District Court of California; **DAVID O. CARTER**, in his official and individual capacity as Judge of the Central District Court of California; **DOUGLAS F. MCCORMICK**, in his official and individual capacity as Judge of the Central District Court of California; **DOUG CHAFFEE**, in his official and individual capacity as the Chairman - Fourth District, Board of Supervisors, County of Orange, California; **KATRINA ANNE FOLEY**, in her official and individual capacity as the Vice Chair - Fifth District, Board of Supervisors, County of Orange, California;

Complaint for Civil Rights Action – Injunctive Relief

**JANET NGUYEN,** in her official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Orange, California;

**VICENTE SARMIENTO**, in his official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Orange, California;

**DONALD P. WAGNER**, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Orange, California;

**JOSE MEDINA**, in his official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Riverside, California;

**KAREN SPIEGEL**, in her official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Riverside, California;

**CHUCK WASHINGTON**, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Riverside, California;

**V. MANUEL PEREZ**, in his official and individual capacity as the Supervisor - Fourth District, Board of Supervisors, County of Riverside, California;

**YXSTIAN GUTIERREZ,** in his official and individual capacity as the Supervisor - Fifth District, Board of Supervisors, County of Riverside, California;

**WARREN BUFFETT,** in his official and individual capacity as Chairperson of Berkshire Hathaway Inc.;

**The Berkshire Hathaway HomeServices**;
**HomeServices of America**;
**Berkshire Hathaway Energy**;
**Steven David Silverstein #86466**;
**Paymon Bidari #194399**;
**Michael Payman Kade #200871**;
**Red Stone Equity Partners LLC**;
**Baker Ranch Affordable LP**;
**Baker Ranch Affordable LLC;**

Complaint for Civil Rights Action – Injunctive Relief

**Solari Enterprises Inc.;**
**Meta Housing Corporation;**
**Western Community Housing Inc.;**
**WCH Affordable IX LLC;**
**MICHEELLE AGUIRRE**, in her official and individual capacity as the CA Orange County Executive Officer (CEO);
**LAWRENCE P. RIFF**, in his official and individual capacity as Supervising Judge of Civil Courts in the Los Angeles Superior Court, Stanley Mosk Courthouse;
**JOSEPH BRIONES**, in his official and individual capacity as an Assistant United States Attorney;
**Gary Craig Smith #265676**;
**Lacey Nicole Sipsey #321297**;
**Mitchell David Dean #128926**;
**Matthew Lawrence Green #227904**;
**Behtash Ahadi**;
**Kevin Vert**;
**Kevin Jeffrey Vert**;
**Linda Lee Hurd;**
**Linda Hurd;**
**Mehrangiz Shahanian**;
**Cyrus Djan a/k/a Mohammadebrahim Darakhshani Jan**;
**Mahnaz Bahaelou**;

DOES ,

Defendants.

**THIS ACTION IS WRITTEN IN 28 PAGES AND 5,311 WORDS.**

**I. INTRODUCTION**

1. Plaintiff **Dr. Sanaz Derakhshani Jan** brings this action under 42 U.S.C. § 1983 for violations of her First, Fourth, Fifth, and Fourteenth Amendment rights,

Complaint for Civil Rights Action – Injunctive Relief

including retaliation, denial of access to courts, deprivation of property, deprivation of due process and equal protection, failure to enforce a court order, and many more violations.

**2.   Plaintiff brings this civil action for violations of her constitutional, statutory, and civil rights arising from Defendants' willful refusal to enforce a valid Domestic Violence Restraining Order ("DVRO"), retaliation for reporting crimes, denial of access to courts, deprivation of property, and coordinated obstruction of justice.**

3. Plaintiff seeks **prospective declaratory and injunctive relief** to stop ongoing harassment, retaliation, intimidation, and unconstitutional conduct carried out under color of state law.

4. This action does **not** seek to overturn any state-court judgment. Rather, it seeks **independent federal protection** to prevent irreparable harm and ongoing constitutional violations.

5.  Defendants' actions have placed Plaintiff and her fiancé in continuing danger, denied Plaintiff access to her home and courts, and caused irreparable injury that cannot be remedied by monetary damages alone.

Complaint for Civil Rights Action – Injunctive Relief

6. I respectfully submit that I am prepared for a deeper and more sensitive review by Congress, the United States Senate, and all relevant governmental departments.

7. The individuals and entities involved have underestimated both the seriousness of this matter and my commitment to justice. I remain steadfast in pursuing lawful accountability.

8. There is no conscience in this world that would remain unmoved upon hearing the full account of the suffering, targeting, and harm endured by me, my fiancée, and our associates. The facts demonstrate profound injustice. The integrity of our actions, our moral conviction, and our sacrifices cannot be denied.

9. A voice raised against corruption and injustice is not extremism — it is civic responsibility. Standing against abuse of power is not defiance — it is loyalty to constitutional principles.

10. The targeting and harm inflicted upon us by corrupt officials and criminal actors represent more than personal injury. They represent a threat to the rule of law, public trust, and national integrity.

Complaint for Civil Rights Action – Injunctive Relief

11. Despite the emotional, financial, and professional damage we have suffered, our faith in justice and in God remains firm. Our actions have consistently demonstrated that truth and lawful conduct ultimately prevail over corruption.

12. Our suffering is not merely a personal tragedy; it reflects the broader danger that unchecked misconduct poses to citizens. We seek accountability not for revenge, but for the protection of constitutional rights, public institutions, and the people of this country. We stand not only for ourselves, but for all individuals who have been silenced, intimidated, or targeted for seeking justice.

13. What we have experienced is not merely a personal dispute. It concerns the rule of law, accountability of power, and the protection of constitutional and civil rights.

14. We have stood firm in the face of corruption and intimidation, not out of hostility, but out of civic responsibility. When authority operates without oversight, no citizen remains protected.

15. We are prepared to present documented evidence and detailed records to any independent media or oversight body committed to truth and transparency.

Complaint for Civil Rights Action – Injunctive Relief

16. This is not about one individual; it is about principles that safeguard a nation. These actions represent more than isolated incidents and warrant comprehensive judicial review.

17. The matters described herein reflect a continuing pattern of conduct raising serious concerns regarding misuse of official authority, retaliation for protected activity, and deprivation of constitutionally secured rights.

18. Plaintiff seeks declaratory and injunctive relief to prevent ongoing harm caused by Defendants' actions and omissions to prevent ongoing harassment, retaliation, intimidation, and unlawful interference with her safety, housing, and court access, arising from Defendants' actions before and after the issuance of a granted California Domestic Violence Restraining Order. The defendant's criminal actions carried numerous consequences for the plaintiff's life, her fiancé, athletes, and national assets and interests, which are considered significant threats to them and the United States of America.

19. Defendants **Mehrangiz Shahanian and Cyrus Djan** are restrained persons who have **repeatedly violated the granted restraining orders 24V002221 and 24V002222 in the Lamoreaux Justice Center**. Defendant **Donald D. Barnes**,

Complaint for Civil Rights Action – Injunctive Relief

as Sheriff-Coroner of Orange County, **committed serious crimes** and has **willfully failed to enforce the restraining order**, **permitted Sheriff deputies to block Plaintiff from her home and properties unlawfully**, **refused to ensure crime reports were taken, which is a serious crime**, and **allowed retaliation and harassment to continue until today**, despite actual notice.

20. These defendants violated the plaintiff's constitutional, statutory, and civil rights when the plaintiff complained and sent documents regarding forgery, felony crimes, corruption, and violations to the different government officials and departments, and reached out to them numerous times. Still, they willfully and knowingly destroyed the complaints and documents. They didn't oversee on previous lawsuits that the plaintiff filed against government officials, Judges, law enforcement, Distrsict Attorney, and many more defendants and cases in the State and federal Courts to cover up their crimes and in addition they send threatening message to drop all lawsuits and threathened plantiff to follow their instructions unless it is her last chance to resort her life and they will kill her.

21. The Corrupt private attorneys from the Law Firm, **Lynberg & Watkins**, removed Donald D. Barnes's Case No. **30-2024-01444300-CU-MC-CJC** to the

Central District court **without the intervention of the U.S. Attorney and District Attorney in a case where a government official is the defendant**, to destroy **the Sheriff Don Barnes and Saddleback Sheriff Station cases, 8:25-cv-00236-DMG-DFM and 8:25-cv-00329-DMG-DFM in the federal court. Supervisory officials are liable under § 1983 when they are aware of violations and fail to take action.** *Starr v. Baca*, **652 F.3d 1202 (9th Cir. 2011).**

22. At the same time, **Michael Edward Perez and Cheri Thi Pham** willfully and knowingly obstructed justice, violated the plaintiff's rights, blocked her from her home and properties, and abused and harassed her further.

23. **Chad Bianco** was aware of threatening messages and all criminal actions that were reported to him numerous times, but he willfully and knowingly refused and failed to do his duties and protect plaintiff and escalate it to investigation for all reported events and approach from plaintiff to cover crimes by **Linda L Hurd, Linda Hurd, Kevin Vert, Kevin Jeffrey Vert, and others,** which harassd and abused and caused irreperable damages and harm to plaintiff, her fiance, private and professional life, national assets and ineterests, public safety,

Complaint for Civil Rights Action – Injunctive Relief

public, people, athletes, 2028 Olympics, Health care system, national security, and many more.

24. There are numerous violations and criminal actions by the other defendants against the plaintiff, which threaten national security, assets, and interests.

25. So, corruption and crimes by these defendants harassed and abused the plaintiff since today, and have not allowed her to seek her rights and justice by law in the court. Plaintiff's life is in danger and constatntly recieve threatening messages, and jeopardizes her well-being in numerous ways. They blocked Plaintiff's access to her residence, made her life and workplace unsafe, and generally jeopardized and threatened her entire private and professional life through their harassment and criminal actions. Some of these actions are irreparable even with monetary relief, and time will not heal the damage.

**26. Plaintiff seeks emergency injunctive relief to prevent ongoing threats, retaliation, intimidation, obstruction of justice, and deprivation of constitutional, statutory, and civil rights arising from Defendants' coordinated actions following the issuance of a California Domestic Violence Restraining Order ("DVRO") and Plaintiff's reporting of real-**

Complaint for Civil Rights Action – Injunctive Relief

estate fraud, forgery of handwriting, signature, and federal documents, bank fraud, tax fraud, probate fraud, judical farud, government fund fraud, misuse of power, and many more actions related crimes affecting her home and safety, public trust, national security, national assets and ineterests, athletes, people, public safety and health, and many more.

27. No one is above the law. GOVERNMENT OFFICIALS DO NOT HAVE IMMUNITY when they commit serious crimes or repeatedly violate a plaintiff's constitutional, statutory, and civil rights. Such criminal actions pose significant threats to national security, national assets, and national interests, and they cause irreparable harm and damage to the plaintiff, her fiancé, and the people of the United States of America.

28. Despite a valid restraining order, Plaintiff has been denied access to her home since July 2024, subjected to threats, and obstructed from pursuing legal remedies. Law-enforcement and prosecutorial Defendants, acting under color of state law, failed to protect Plaintiff and instead escalated harassment and intimidation after she reported crimes and sought judicial relief.

Complaint for Civil Rights Action – Injunctive Relief

**29.** This Motion does not seek to overturn any state-court ruling. It seeks **independent federal protection to prevent irreparable harm and to stop continued constitutional violations under color of law**. This Motion seeks prospective relief only to stop ongoing harm and protect Plaintiff's safety and access to the courts. Plaintiff doesn't feel safe, even in the courthouses, due to constant harassment and abusive criminal actions of defendants since 2024.

## II. JURISDICTION AND VENUE

**30.** This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343.**

31. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under the Constitution and laws of the United States, including the First, Fourth, Fifth, and Fourteenth Amendments, and **42 U.S.C. §§ 1983, 1985, 1986, and 12101 et seq.**.

32. This Court also has jurisdiction pursuant to **28 U.S.C. § 1343(a)(3) and (4)** because this action seeks to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States.

**33.** Plaintiff references various federal criminal statutes, including but not limited to **18 U.S.C. §§ 3, 4, 241, 242, 371, 666, 872, 875, 1001, 1028, 1341, 1343,**

Complaint for Civil Rights Action – Injunctive Relief

**1503, 1505, 1512, 1519, 1621, 1623 1951,   1961–1964**, **and  2071, solely to establish unlawful conduct, context for civil liability, irreparable harm, and the need for injunctive relief**, and not to initiate criminal prosecution.

34. This Court has authority to grant declaratory and injunctive relief pursuant to **28 U.S.C. §§ 2201–2202** and **Fed. R. Civ. P. 65, and § 535** for Investigation of crimes involving Government officers and employees.

- **15 U.S.C. § 1, 2**
- **31 U.S.C. § 1301** ( Misuse of public funds),
- **11 U.S.C. § 548,**
- **5 U.S.C. § 552** (FOIA)**,**
- **36 U.S.C.§§ 220501–220529** (Ted Stevens Olympic and Amateur Sports Act),
- **34 U.S.C. § 20341 et seq.** (Safe Sport Authorization Act),

35. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because a substantial part of the events and omissions giving rise to these claims occurred in this District.

### III. PARTIES

36. Plaintiff **Dr. Sanaz Derakhshani Jan** is a resident of California.

Complaint for Civil Rights Action – Injunctive Relief

37. **Defendants:** Defendants include named and unnamed individuals and entities, including law-enforcement officers, supervisory officials, judicial officers, prosecutors, and private actors, each sued in their **individual capacities**, and where applicable, **official capacities** for purposes of declaratory and injunctive relief only.

38. Plaintiff will seek leave to amend to substitute true names as discovery proceeds.

39. **Defendants # 21 to 93 :**

40. **DONALD J. TRUMP**, in his official and individual capacity as the President of the United States;

41. **JAMES DAVID VANCE**, in his official and individual capacity as the Vice President of the United States;

42. **PAMELA JO BONDI**, in her official and individual capacity as the U.S. Attorney General;

43. **KASHYAP PRAMOD PATEL**, in his official and individual capacity as the Director of the Federal Bureau of Investigation;

44. **PATRICIA GUERRERO**, in her official and individual capacity as the Chief Justice of California;

45. **GAVIN CHRISTOPHER NEWSOM**, in his official and individual capacity as the Governor of California;

46. **ROBERT ANDRES BONTA**, in his official and individual capacity as the Attorney General of California;

47. **ADAM BENNETT SCHIFF**, in his official and individual capacity as a United States Senator;

48. **MATTHEW ZANDI**, in his official and individual capacity as a U.S. Department of Justice employee;

49. **BILAL ALI ESSAYLI**, in his official and individual capacity as U.S. Attorney for the Central District of California;

Complaint for Civil Rights Action – Injunctive Relief

50. **BILAL ESSAYLI**, in his official and individual capacity as U.S. Attorney for the Central District of California;

51. **TODD ALLAN SPITZER #143166**, in his official and individual capacity as District Attorney of Orange County, California;

52. **MICHAEL ANGEL HESTRIN #200300**, in his official and individual capacity as District Attorney of Riverside County;

53. **DONALD D. BARNES**, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

54. **DON BARNES**, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

55. **DONALD BARNES**, in his official and individual capacity as Sheriff-Coroner of Orange County, California;

56. **CHAD BIANCO**, in his official and individual capacity as Sheriff-Coroner-Public Administrator of Riverside County, California;

57. **JEFF HALLOCK**, in his official and individual capacity as Undersheriff of Orange County, California;

58. **DON SHARP**, in his official and individual capacity as Undersheriff of Riverside County, California;

59. **MARY SAHAR IZADI #233698**, in her official and individual capacity as the Sheriff Department Constitutional Policing Advisor;

60. **SHEILA F. HANSON**, in her official and individual capacity as the Presiding Judge of the Superior Court of Orange County, California;

61. **MARIA D. HERNANDEZ**, in her official and individual capacity as the former Presiding Judge of the Superior Court of Orange County, California;

62. **CHERI THI PHAM**, in her official and individual capacity as Judge of the Superior Court of California, County of Orange;

Complaint for Civil Rights Action – Injunctive Relief

63. **MICHAEL EDWARD PEREZ**, in his official and individual capacity as Judge of the Superior Court of California, County of Orange;

64. **STEPHEN TODD HICKLIN**, in his official and individual capacity as Judge of the Superior Court of California, County of Orange;

65. **OTIS D. WRIGHT, II**, in his official and individual capacity as Judge of the Central District Court of California;

66. **STEPHEN V. WILSON**, in his official and individual capacity as Judge of the Central District Court of California;

67. **JOHN W. HOLCOMB**, in his official and individual capacity as Judge of the Central District Court of California;

68. **JOHN D. EARLY**, in his official and individual capacity as Magistrate Judge of the Central District Court of California;

69. **JAMES V. SELNA**, in his official and individual capacity as Judge of the Central District Court of California;

70. **MONICA RAMIREZ ALMADANI**, in her official and individual capacity as Judge of the Central District Court of California;

71. **FRED W. SLAUGHTER**, in his official and individual capacity as Judge of the Central District Court of California;

72. **DAVID O. CARTER**, in his official and individual capacity as Judge of the Central District Court of California;

73. **DOUGLAS F. MCCORMICK**, in his official and individual capacity as Judge of the Central District Court of California;

74. **DOUG CHAFFEE**, in his official and individual capacity as the Chairman - Fourth District, Board of Supervisors, County of Orange, California;

75. **KATRINA ANNE FOLEY**, in her official and individual capacity as the Vice Chair - Fifth District, Board of Supervisors, County of Orange, California;

Complaint for Civil Rights Action – Injunctive Relief

76. **JANET NGUYEN**, in her official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Orange, California;

77. **VICENTE SARMIENTO**, in his official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Orange, California;

78. **DONALD P. WAGNER**, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Orange, California;

79. **JOSE MEDINA**, in his official and individual capacity as the Supervisor - First District, Board of Supervisors, County of Riverside, California;

80. **KAREN SPIEGEL**, in her official and individual capacity as the Supervisor - Second District, Board of Supervisors, County of Riverside, California;

81. **CHUCK WASHINGTON**, in his official and individual capacity as the Supervisor - Third District, Board of Supervisors, County of Riverside, California;

82. **V. MANUEL PEREZ**, in his official and individual capacity as the Supervisor - Fourth District, Board of Supervisors, County of Riverside, California;

83. **YXSTIAN GUTIERREZ**, in his official and individual capacity as the Supervisor - Fifth District, Board of Supervisors, County of Riverside, California;

84. **WARREN BUFFETT**, in his official and individual capacity as Chairperson of Berkshire Hathaway Inc.;

85. **The Berkshire Hathaway HomeServices**;

86. **HomeServices of America**;

87. **Berkshire Hathaway Energy**;

88. **Steven David Silverstein #86466**;

89. **Paymon Bidari #194399**;

Complaint for Civil Rights Action – Injunctive Relief

90. **Michael Payman Kade #200871**;

91. **Red Stone Equity Partners LLC**;

92. **Baker Ranch Affordable LP**;

93. **Baker Ranch Affordable LLC;**

94. **Solari Enterprises Inc.**;

95. **Meta Housing Corporation**;

96. **Western Community Housing Inc.**;

97. **WCH Affordable IX LLC**;

98. **MICHEELLE AGUIRRE**, in her official and individual capacity as the CA Orange County Executive Officer (CEO);

99. **LAWRENCE P. RIFF**, in his official and individual capacity as Supervising Judge of Civil Courts in the Los Angeles Superior Court, Stanley Mosk Courthouse;

100. **JOSEPH BRIONES**, in his official and individual capacity as an Assistant United States Attorney;

101. **Gary Craig Smith #265676**;

102. **Lacey Nicole Sipsey #321297**;

103. **Mitchell David Dean #128926**;

104. **Matthew Lawrence Green #227904**;

105. **Behtash Ahadi**;

106. **Kevin Vert**;

107. **Kevin Jeffrey Vert**;

108. **Linda Lee Hurd**;

Complaint for Civil Rights Action – Injunctive Relief

109. **Linda Hurd**;

110. **Mehrangiz Shahanian**;

111. **Cyrus Djan a/k/a Mohammadebrahim Darakhshani Jan**;

112. **Mahnaz Bahaelou**;

///

///

## IV. FACTUAL ALLEGATIONS

113. On **November 13, 2024**, Plaintiff obtained a granted Domestic Violence Restraining Order, DVRO, against Mehrangiz Shahanian and Cyrus Djan, including move-out and stay-away provisions, but willfully didn't give property control to harass and abuse her and keep her away from her property, where she has been the leaseholder for ten years.

114. These granted DVRO is not normal cases because numerous corrupt government officials, law enforcement, judges, entities, individuals, and many more involved persons committed to the violation of the U.S. Constitution and laws. Also, they are considered a serious threats for the United States and national security.

115. Defendants Shahanian and Djan have **returned to Plaintiff's residence**, violating the restraining order and creating ongoing fear for Plaintiff's safety with the support of defendant, the government officials, and the given list at the end of this pleading.

Complaint for Civil Rights Action – Injunctive Relief

116. Plaintiff sought enforcement and protection from the California Orange County Sheriff's Department, District Attorney, Judges, U.S. Attorney, the FBI, White House, and numerous other federal agencies on multiple occasions related to all defendants and beyond.

117. Deputies acting under Defendant Barnes's authority:

○ Refused to enforce the restraining order;

○ Threatened Plaintiff with arrest if she goes to her home and property, even when she had the court order to move out for those respondents.

○ Prevented Plaintiff from entering her own residence;

○ Failed to take or generate reports for felony, forgery, threats, and restraining-order violations;

○ Violated the plaintiff's U.S. Const. amend. I, IV, V, and XIV;

○ Violated the plaintiff's statutory and civil rights;

○ Threatened and damaged national assets and interests;

○ Cause ongoing harm and irreparable damage to the plaintiff's private and professional life and her fiancé's life;

○ Cause ongoing harm and irreparable damage to the plaintiff and her fiancé's organizations, which are related to public safety, health, and security nationwide and worldwide;

○ Cause ongoing harm, injuries, death, accidents, incidents, and many more life-threatening matters for athletes, their families, friends, and people nationwide and worldwide;

○ Causing ongoing defamation of character and reputation in private and professional life, losing the top ranking, damaging the U.S. sports

Complaint for Civil Rights Action – Injunctive Relief

credit and reputation, which has a direct relation with national assets, interests, and pride;

- ○ Cause ongoing lost opportunities of achieving medals and pride in ten different categories of air sports in the 2028 Olympics;

- ○ Cause ongoing lost opportunities of achieving medals and pride in two different categories of air sports in the Winter 2026 Olympics.

118. Plaintiff provided written notice and documentation to Defendant Barnes regarding deputy misconduct, failure to enforce the restraining order, and denial of crime reports.

119. Defendant Barnes **failed to intervene, correct, or investigate**, and instead allowed continued harassment and deprivation of Plaintiff's rights and many more.

120. Plaintiff provided written notice and documentation to the other Defendants, **District Attorney, and U.S. Attorney** regarding forgery, felony, different kinds of fraud, law enforcement and deputy misconduct and crimes, failure to enforce the restraining order, and denial of crime reports. They **willfully failed to intervene and investigate.**

121. The refusal to generate reports prevented Plaintiff from accessing the District Attorney and the courts, directly interfering with her right to seek legal redress.

122. Defendants' actions were willful, retaliatory, and under color of state and federal law, and they continue to place Plaintiff at risk of irreparable harm and

Complaint for Civil Rights Action – Injunctive Relief

jeopardize her safety for her entire life, and many more. **Plaintiff faces ongoing threats, intimidation, and irreparable harm.**

## V. CAUSES OF ACTION

**COUNT I – 42 U.S.C. § 1983**
**Denial of Access to Courts**

123. Defendants' refusal to enforce the DVRO and generate reports obstructed Plaintiff's access to judicial remedies. Failure to generate reports and prevent unlawful exclusion from residence obstructed Plaintiff's legal remedies. Federal supervisory officials and Barnes' deliberate inaction and supervisory failure constitute **deprivation of Plaintiff's constitutional rights under color of law**.

**COUNT II – 42 U.S.C. § 1983**
**Fourteenth Amendment – Due Process**

124. Defendants deprived Plaintiff of liberty and property interests without due process. Ongoing Harassment and Interference.

**COUNT III – 42 U.S.C. § 1983**
**Retaliation, Ongoing Harassment and Interference**

125. Plaintiff faced threats, harassment, and denial of legal protections in response to complaints about prior violations. Direct harassment and violation of DVRO terms

**COUNT IV – 42 U.S.C. § 1983**
**First Amendment Retaliation,**

126. Defendants retaliated against Plaintiff for reporting crimes and seeking judicial relief.

Complaint for Civil Rights Action – Injunctive Relief

**COUNT V – 42 U.S.C. § 1985**
**Conspiracy**

127. Defendants acted in concert to interfere with Plaintiff's civil rights. Plaintiff faced threats, harassment, and denial of legal protections in response to complaints about prior violations.

**COUNT VI – 42 U.S.C. § 1986**
**Failure to Prevent**

128. Supervisory defendants knew of violations and failed to prevent them. Defendants' deliberate inaction and supervisory failure constitute **deprivation of Plaintiff's constitutional rights under color of law AND MANY MORE**.

## VI. ARGUMENT

**A. Likelihood of Success on the Merits**

129. Law enforcement's **willful refusal to enforce a restraining order**, coupled with retaliation for reporting crimes, violates **clearly established constitutional rights, I, IV, V, XIV**, including:

- Right of access to courts;

- Right to due process;

- Right to equal protection;

- Right to protect her properties;

- Right to be secure against unreasonable and illegal searches and seizures of property;

- Right to bodily security.

Complaint for Civil Rights Action – Injunctive Relief

130. **Supervisory officials are liable under § 1983 when they are aware of violations and fail to take action.**

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

**B. Irreparable Harm**

- Exposure to restrained persons, loss of access to one's home, and intimidation by law enforcement constitute **irreparable harm as a matter of law**.

*Elrod v. Burns*, 427 U.S. 347 (1976).

**C. Balance of Equities and Public Interest**

- The equities favor Plaintiff, who seeks only safety, security, justice, protection of her constitutional, statutory, and civil rights, and enforcement of a valid court order.

- The plaintiff has been the target and victim of the criminals and defendants in the case **since 2023** and has suffered **very serious and irreparable harm, such as the destruction of her inalienable right to have children and become a mother**. Necessary measures must be taken as soon as possible by the law, the government, and the judiciary to protect and prevent further harm to her and her fiancé, who both have direct relationships with the national assets and interests, athletes, safety and security, and the health system nationwide and worldwide.

- The public interest strongly favors the enforcement of restraining orders and the constitutional accountability of law enforcement.

## VII. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

131. **Issue an Emergency Temporary Restraining Order enjoining Defendants from**:

   o    Any contact, harassment, or intimidation of Plaintiff;

   o    Violating or evading the existing restraining order;

132. **Immediate approval of the Federal Witness Protection Program (WITSEC) and financial assistance program for the plaintiff and her fiancé is an emergency and vital matter as a matter of law and constitutional rights**. Defendants caused financial damage, more than 30 trillion dollars, to the plaintiff and her fiancé, and the documents will be provided to the court in the future.

133. **Order to:**

   o    Return the possession of the following properties to the plaintiff and freeze any activities on those properties to prevent fraudulent conservancy, and illegally transferred, rented, sold, and allow for the reversal of transfers made to avoid paying court-ordered monetary relief:

        - 1000 Indigo Pl Unit 305, Lake Forest, CA 92630;

Complaint for Civil Rights Action – Injunctive Relief

- 322 Forest Hills Dr., Rancho Mirage, CA 92270;

- 42004 Sand Dune Dr., Palm Desert, CA 92211.

○ Warrant arrest for defendants Mehrangiz Shahnian and Cyrus Djan for now. Plaintiff will notify the court of the warrant arrest orders for the remaining defendants.

○ Enforce Plaintiff's restraining order;

○ Cease illegal interference with Plaintiff's access to her residence;

○ Cease retaliation for reporting crimes or seeking judicial relief.

134. Prohibit Defendants from acting in concert with third parties to harass or intimidate Plaintiff;

135. Set an Order to Show Cause re Preliminary Injunction;

136. Grant such other relief as the Court deems just and proper;

137. Plaintiff respectfully seeks impartial adjudication, full discovery of relevant evidence, compensatory relief, and injunctive remedies as permitted by law.

## VIII. JURY DEMAND

Plaintiff demands trial by grand jury and jury on all claims.

**Dr. Sanaz Derakhshani Jan**
Plaintiff, Pro Se
Date: February 22, 2026        /s/

Complaint for Civil Rights Action – Injunctive Relief