UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SANAZ DERAKHSHANI JAN,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00148<br><br>District Judge Robert J. Shelby |

Before the court is Plaintiff Sanaz Derakhshani Jan's Motion for Leave to *Proceed In Forma Pauperis* (IFP) and Emergency Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction.[1]  For the reasons explained below, the court denies the Motions and dismisses this matter.

## BACKGROUND

This case concerns a domestic violence restraining order issued by a California state court against Defendants Mehrangiz Shahanian and Cyrus Djan.[2]  The Complaint is brought against 73 defendants, including private actors such as Shahanian and Djan and a variety of federal and California state officials.[3]  Jan asserts the following claims: 42 U.S.C. § 1983 for violating Jan's right to access courts, right to due process, First Amendment rights;  42 U.S.C.

---

[1] Dkt. 2, *Motion for Leave to Proceed In Forma Pauperis* (*IFP Motion*); Dkt. 3, *Emergency Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction* (*TRO Motion*).

[2] Dkt. 3-1, *Declaration of Plaintiff in Support of Motion for TRO* ¶¶ 2–3.

[3] Dkt. 1, *Complaint* ¶¶ 37, 40–112.

1

§ 1985 for conspiracy to interfere with Jan's civil rights; and 42 U.S.C. § 1986 for failure to prevent the deprivation of Jan's constitutional rights.[4] Jan seeks monetary and injunctive relief.[5]

## DISCUSSION

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[6] Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed by an IFP plaintiff if the court determines the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[7] A complaint is frivolous "where it lacks an arguable basis" either in law or in fact.[8] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[9] However, dismissal is appropriate when a pro se litigant does not allege a "viable legal claim."[10] As discussed below, dismissal is appropriate here for lack of venue and for failing to state any claims upon which the court may grant relief.

---

[4] *Complaint* ¶¶ 123–28. The Complaint caption appears to also bring causes of action under the following statutes, but these statutes are not enumerated as specific causes of actions: 15 U.S.C. §§ 1, 2; 18 U.S.C. §§ 1621, 1623, 1341, 1343, 241, 242, 371, 3, 4, 1503, 1505, 1512, 1519, 1001, 1028, 875, 872, 666, 1951, 1961–64, 2071; 31 U.S.C. § 1301; 28 U.S.C. § 535; 11 U.S.C. § 548; 5 U.S.C. § 552; 36 U.S.C. §§ 220501–29; 34 U.S.C. § 20341 et seq.; 42 U.S.C. § 12101 et seq. *Compare id.* at 2–3, *with id.* ¶¶ 123–28.

[5] *See id.* ¶¶ 131–37.

[6] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citation modified).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation marks and citation omitted).

[10] *See Triplett v. Triplett*, 166 Fed. App'x 338, 340 (10th Cir. 2006).

I.     **The Court Lacks Venue.**

"[A]s part of the screening process set out in the statutory IFP provision, . . . district courts can consider the issue of venue sua sponte."[11]  The court may sua sponte dismiss for improper venue "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[12]  The court should only do so in "extraordinary instances when the claim's factual backdrop clearly beckons the defense."[13]

Here, it is obvious from the face of the complaint that this court lacks venue.  Jan asserts this court has venue under 28 U.S.C. § 1391(b) because "a substantial part of the events and omissions giving rise to these claims occurred in this District."[14]  It does not appear any of the defendants reside in Utah.[15]  Nor does the Complaint include any allegations suggesting that any events related to Jan's claims took place in Utah—let alone a "substantial part" of the events.[16]  Even broadly construing the allegations, as the court must since Jan proceeds pro se,[17] it is clear that the District of Utah is not the proper venue for this case.

When the court lacks venue, it has discretion to dismiss the claim or transfer the case if it is in the interest of justice.[18]  In determining whether to transfer, courts consider the following factors: "finding that the new action would be time barred; that the claims are likely to have

---

[11] *Scott v. Texas*, No. 24-5124, 2025 WL 15623, at *1 (10th Cir. 2025).

[12] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995).

[13] *Id.* (quotation marks and citation omitted).

[14] *Complaint* ¶ 35; *see also* 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").

[15] *See Complaint* ¶¶ 40–112.

[16] *See id.* ¶¶ 19–25, 28, 113–22; *TRO Motion* at 5–9, 17–19.

[17] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

[18] *Trujillo*, 465 F.3d at 1223; *see also* 28 U.S.C. § 1406(a).

merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper."[19] Here, a transfer is not in the interest of justice. The court is not aware of any limitations that would prevent refiling in the proper district. This case was filed on February 23, just days ago. Further, most importantly, the claims as alleged are meritless as explained below.

## II.    The Complaint Fails to State a Claim for Relief.

A Complaint must "state a claim to relief that is plausible on its face."[20] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] The court must first identify "the allegations in the complaint that are not entitled to the assumption of truth," including legal conclusions, bare assertions, or mere conclusory statements.[22] Then, the court must accept the remaining factual allegations as true "to determine if they plausibly suggest an entitlement to relief."[23] Plausibility does not require "detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do."[24] A complaint against multiple defendants must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."[25]

---

[19] *Trujillo*, 465 F.3d at 1223 n.16 (citation modified).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Id.*

[22] *Id.* at 680–81.

[23] *Id.* at 681.

[24] *Twombly*, 550 U.S. at 555 (citation omitted).

[25] *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Here, the Complaint entirely relies on conclusory allegations.[26] Each cause of action merely restates the legal standard for the claim.[27] The court must disregard these statements in assessing plausibility. And the Complaint lacks allegations that support each claim. Further, the Complaint is against 73 defendants but fails to identify which cause of action is against which defendant nor which particular actions taken by each defendant amount to each violation. This is wholly insufficient to state a claim for relief.

## CONCLUSION

Having screened Jan's Complaint, the court is unable to discern a viable legal claim. It is therefore ORDERED that the Motions to Proceed IFP[28] and for a Temporary Restraining Order[29] are DENIED. It is further ORDERED that this matter is dismissed. The Clerk of Court is directed to close the case.

SO ORDERED this 24th day of February 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[26] *See generally Complaint*.

[27] *Id.* ¶¶ 123–28.

[28] Dkt. 2.

[29] Dkt. 3.